UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH FLEMING

      Petitioner,

v.

HAMILTON COUNTY
JUSTICE CENTER,

      Respondent.

Case No. 1:19-cv-1006
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION & ORDER

This cause comes before the Court on Petitioner Joseph Fleming's Objections (Doc. 4) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 2), in which the Magistrate Judge suggests the Court deny Fleming's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) for his failure to exhaust his state court remedies. For the reasons below, the Court **OVERRULES** Fleming's Objections, **ADOPTS** the Magistrate Judge's R&R, and **DENIES** Fleming's § 2254 Petition **WITHOUT PREJUDICE**.

## BACKGROUND

On November 25, 2019, Fleming, a pretrial detainee housed in the Hamilton County Justice Center, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., Doc. 1, #1). In his Petition, Fleming outlines perceived defects regarding his various criminal charges. For example, Fleming states that he was "out on bond for a felonious assault" when he was "re-arrested for two robberys [sic]." (*Id.*). He further contends that the assault and the robberies "had nothing in common and

were used solely to enhance" his "illusory indictment." (*Id.*). He believes the three crimes should not have been indicted together because they had "(allegedly) different victims, different police officers, and even different years of alleged occurrence." (*Id.* at #6). He pled not guilty to both the assault and the robberies.

Noticeably absent from Fleming's Petition, however, are his conviction or judgment dates, his sentencing date, or the length of his sentence. (*See* Pet. at #1). Similarly absent is any information about an appeal, either to the intermediate or state supreme court. (*Id.* at #3). There is also no indication of any post-conviction proceeding. (*Id.*). This is because Fleming's criminal case, which he admits in the first line of his Objections, is currently *pending* in the Hamilton County Court of Common Pleas. (*See* R&R at #19; Petitioner's Obj. to R. & R. ("Obj."), Doc. 4, #30).

Nevertheless, Fleming asserts two grounds for his habeas petition: (1) violations of his Due Process Rights under the Fourteenth Amendment, and (2) unlawful incarceration because his "bond was unlawfully revoked." (Pet. at #6–9). But again, as the underlying case is currently pending in the Hamilton County Court of Common Pleas, he has not yet presented these claims (nor had the ability to) for adjudication in the state court system, either directly or in post-conviction requests for relief. (R&R at #19).

The Magistrate Judge entered an R&R on December 9, 2019, in which she made several observations: (1) the Petition was not signed by Fleming or his attorney, as required by Federal Rule of Civil Procedure 11 and 28 U.S.C. § 2242; (2) that habeas claims must be dismissed "if it plainly appears from the petition … that the

2

petitioner is not entitled to relief in the district court"; and (3) that Fleming, at the time of filing, was a pretrial detainee in Hamilton County subject to pending, but untried, criminal charges. (R&R at #19–20). Based on these observations, the Magistrate Judge concluded that Fleming could not establish that he had exhausted his state remedies, a prerequisite to filing for habeas relief. (*Id.* at #20–21). The R&R then goes on to address whether, despite the exhaustion requirement, Fleming may continue to seek relief in federal court under an exception to *Younger* abstention. (*See id.* at #20). Finding none of the three *Younger* exceptions applied, the Magistrate Judge recommended this Court dismiss Fleming's Petition without prejudice. (*Id.* at #21–22).

On December 19, 2019, Fleming filed timely objections to the R&R. (Doc. 4). The first line of his objection once again admits that: "This petitioner has a criminal action pending before the Hamilton County Court of Common Pleas." (Obj. at #30). With little discussion of the implications of that admission for the exhaustion requirement under habeas rules, Fleming goes on to recount numerous perceived errors with how he was arrested, charged, and detained, including what he says are "numerous plain errors and Due Process violations." (*Id.* at #31). He then discusses his issues with the underlying state prosecution, including the "merged indictment," prejudice to his jury trial rights, unlawful incarceration, speedy trial violations, "blatant plain error … on the face of the indictment," and complains that his attorneys were "being ineffective" because they were not "promoting the adversarial

3

process of law." (*Id.* at #34–35). Since filing his Objections, Fleming, who is appearing pro se, has sent five letters to the Court. (*See* Docs. 5–8).

The only thing Fleming identifies in his filing that could be considered an "objection" to the R&R's finding regarding his failure to exhaust is that he is entitled to continue in federal court because of "extraordinary circumstances." (Obj. at #34).[1] The Magistrate Judge explained, however, that there are no "extraordinary circumstances" present here that warrant intervention by a federal court now, and this Court, as discussed below, agrees with that conclusion.

## LEGAL STANDARD

If a party objects to a report and recommendation within the allotted time, the district court must review *de novo* any portion of the magistrate judge's report "that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Here, as already noted, the Petitioner is proceeding pro se. While a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## LAW & ANALYSIS

As a preliminary issue, and as the Magistrate Judge noted in her R&R, Fleming failed to sign his petition. (*See* Pet. at #16). This is a procedural defect under

---

[1] A document filed by a *pro se* litigant must be "liberally construed." *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

4

Federal Rule of Civil Procedure 11. It is also in violation of 28 U.S.C. § 2242, which provides that "application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Normally, this omission would warrant an instruction to refile, but given that the Petition warrants dismissal without prejudice in any event, this point is moot.

Turning to the merits of the Petition, it is clear dismissal is appropriate for two reasons. First, and Fleming admits as much, his underlying case involves still-pending criminal charges in a state trial court. (Obj. at #30). Second, there are no extraordinary circumstances warranting this Court's intervention in that ongoing state court proceeding.

As a general matter, a petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See Atkins v. Michigan*, 644 F.2d 543, 546–47 (6th Cir. 1981) (finding that because the defendant had not yet been tried, his "available state avenues in which he can raise a claim that his speedy trial right has been violated have not been exhausted[,]" meaning there were "no special circumstances permitting pretrial habeas corpus consideration"). The habeas statute itself imposes this exhaustion requirement by its plain language: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Similarly, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the

5

law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Despite this exhaustion requirement, a federal court may intervene in a state court criminal proceeding if there is a threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Things like "cost, anxiety and inconvenience," are not, by themselves, "considered 'irreparable' in the special legal sense." *Id*. Instead, to qualify for an exception to *Younger* abstention, the "threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id*. Even then, before intervening, the federal court must find that "the applicant has exhausted state remedies, or that there is 'an absence of available State corrective process,' or 'circumstances rendering such process ineffective.'" *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (quoting 28 U.S.C. § 2254(b) (1976)); *see also* 28 U.S.C. § 2254 (1996) (maintaining the same language from 1976). Invoking an exception to abstention is even more extraordinary a remedy when a proceeding is "already pending in state court" because that state proceeding, not a federal habeas petition, affords a defendant the "opportunity to raise his constitutional claims." *Younger*, 401 U.S. at 49. Although federal courts retain the power to intervene, "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances." *Gully*, 592 F.2d at 286.

Extraordinary circumstances warranting federal intervention—i.e., issuing an injunction or granting declaratory relief—are present only in cases where the

6

petitioner is seeking one or more of three types of relief: a speedy trial, *Atkins*, 644 F.2d at 546–47, to avoid double jeopardy, *Kunzman*, 592 F.2d at 286–87, or to bar a state's attempted retrial rather than permitting a defendant to accept an initial plea offer originally rejected *because of* ineffective assistance of counsel. *Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989); *see also Bowling v. Haeberline*, 246 F. App'x 303, 308 (6th Cir. 2007).

Fleming's Objection argues that his case fits within the "extraordinary circumstances" exception to *Younger* abstention, thus warranting federal intervention in his case, for three reasons. (*See* Obj. at #34). The first two are non-starters. He claims that: "the trial judge himself stat[ed] that the charges should not have been merged" and that his "rights to a jury trial have been implicated." (*Id.*). Neither of these provide grounds to immediate federal court intervention, however, as Fleming may raise these issues, should he choose, in his state court proceedings, either at trial or on appeal. *See Younger*, 401 U.S. at 49.

His third grievance—namely that he "has been unlawfully incarcerated since July 10th, 2019," and that his "right to a speedy trial has already been greatly infringed upon"—at least facially meets an available *Younger* exception. Upon closer review of that objection, though, Fleming's claim falls short. In assessing a claim that a state has violated a defendant's Sixth Amendment speedy trial rights, courts must consider four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Speedy trial rights attach "when a formal charge is instituted and a

7

criminal prosecution begins," i.e., when "a defendant is indicted, arrested or otherwise officially accused[.]" *United States v. MacDonald*, 456 U.S. 1, 6 (1982) (citing *United States v. Marion*, 404 U.S. 307, 313 (1971)). "Length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530; *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) ("The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases.").

Accordingly, Fleming must first demonstrate that his delay is "presumptively prejudicial," *Barker*, 407 U.S. at 530, which requires a delay greater than one year. *See United States v. Ferreira*, 665 F.3d 701, 705 (6th Cir. 2011) ("A delay of one year or more crosses the threshold and triggers analysis of the remaining *Barker* factors.") (citation omitted). Here, Fleming has been in state custody for less than one year. He was arrested on July 6, 2019, made bond on July 8th, was arrested again on July 10th, indicted on July 12th, and has been in state custody since. (Obj. at #30). He filed this habeas petition on November 25, 2019 (*see* Doc. 1) and his Objections on December 19, 2019. (*See* Doc. 4). Even considering his initial arrest (for which he posted bond), his speedy trial right is not implicated until, at the earliest, July 6, 2020. The Court need not inquire further.[2]

---

[2] For the sake of completeness, this Court did inquire further by reviewing Fleming's state court docket, from which it appears his case is progressing "with customary promptness." *Doggett v. United States*, 505 U.S. 647, 652 (1992). This appears to be so, even considering Fleming's seemingly extensive motion practice in that case.

8

Second, Fleming asserts a violation of his speedy trial rights only as an affirmative defense to his underlying criminal charges. That is, he is not seeking federal intervention to obtain "a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him." *See Carman v. Pinkney*, No. 1:19 CV 2101, 2020 WL 224572 , *3 (N.D. Ohio Jan. 15, 2020) (dismissing a request for early habeas intervention where "'[a]lthough petitioner has alleged a violation of his speedy trial rights, unlike the petitioner in *Atkins*, he does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him'") (quoting *Cunningham v. Hamilton Cty. Sheriff*, No. 1:14-cv-377, 2014 WL 4639194, *2 (S.D. Ohio Sept. 16, 2014)). That does not work as a basis for justifying federal intervention. *Id*. Accordingly, none of the exceptions to *Younger* abstention apply, and federal intervention in Fleming's state proceeding, at this juncture, is not warranted.

## CONCLUSION

For the reasons above, the Court **OVERRULES** Fleming's Objections (Doc. 4), **ADOPTS** the Magistrate Judge's R&R (Doc. 2), **DENIES** Fleming's Petition (Doc. 1) **WITHOUT PREJUDICE** for failure to exhaust, and **DIRECTS** the Clerk to enter judgment and terminate this action from this Court's docket.

Moreover, as the Magistrate Judge further recommends, this Court **DENIES** Fleming a certificate of appealability with respect to any claims he alleges in his

9

Petition because he has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. Finally, the Court **CERTIFIES** that an appeal of this Order would not be taken in "good faith," and thus, **DENIES** Fleming leave to appeal *in forma pauperis*.

    **SO ORDERED.**

April 15, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**